FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By mfox at 8:57 am, Apr 16, 2015

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Waycross Division

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 CASE |
| CHAD WILLIAM HOBBS | ) | NUMBER <u>12-50098</u> |
| | ) | |
| Debtor | ) | |

**OPINION AND ORDER DENYING WAIVER OF REQUIREMENT**
**TO COMPLETE PERSONAL FINANCIAL MANAGEMENT COURSE**

This matter is before me on motion by Debtor Chad William Hobbs for waiver of the requirement under the Bankruptcy Code to complete a personal financial management course before being granted a chapter 13 discharge. Hobbs is in prison, and he seeks a waiver due to his "inability" to file the Certificate of Debtor Education showing he completed the course (Mot. ¶ 2, ECF No. 34), an argument I construe as inability to complete the course itself. The motion is denied, because Hobbs has not met the statutory requirements for a waiver.

An individual debtor may not receive a discharge without having first completed an instructional course in personal financial management. 11 U.S.C. § 1328(g)(1). This requirement does not apply when a debtor is unable to complete the course because of "incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4).

AO 72A
(Rev. 8/82)

Here, Hobbs is not on active military duty and does not submit that he is incapacitated, defined as being "impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities," id. The only remaining ground for a waiver is thus disability, meaning that Hobbs must be "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." See id.

I have previously held that incarceration does not amount to a disability under § 109(h)(4), whether for waiver of the pre-petition credit counseling requirement under § 109(h)(1), see, e.g., In re Sarlak, No. 13-20129 (Bankr. S.D. Ga. Feb. 20, 2013), or for waiver of the instructional course concerning personal financial management under § 1328(g)(1), In re Hendricks, No. 10-50236, 2015 WL 1321478 (Bankr. S.D. Ga. Mar. 19, 2015).

"[D]isability refers to a medical condition and not to a law of physics that prevents [the Debtor] from walking through walls and iron bars." In re Goodwin, No. 08-82704, 2009 WL 6499330, at *2 (Bankr. N.D. Ga. Mar. 12, 2009) (internal quotation marks omitted); see also In re Denger, 417 B.R. 485 (Bankr. N.D. Ohio 2009); In re Cox, No. 07-10787, 2007 WL 4355254

(Bankr. M.D. Ga. Nov. 29, 2007). Accordingly, Hobbs does not have a disability that would qualify him for a waiver.

But Hobbs is not without recourse. As I have previously explained, incarcerated debtors have two options for completing the required instructional course concerning personal financial management. See In re Hendricks, 2015 WL 1321478, at *1.

After Hobbs is released from prison, he may move to reopen the bankruptcy case for the purpose of completing the course and filing the required certificate. See In re Cox, 2007 WL 4355254, at *3. Whether such a motion would be granted, however, is not a question before me today.

Alternatively, before the case is closed, Hobbs may authorize a third party to complete the course on his behalf under a power of attorney that is valid under Georgia law and sufficient to authorize the attorney-in-fact to file a bankruptcy petition for Hobbs. See Provider Requirements for Personal Financial Management Certificates, 28 C.F.R. § 58.35(m) (effective April 15, 2013) (requiring that when a debtor obtains the course through a duly authorized representative, the certificate must include the name and legal capacity of the representative); Response to Comments,[1] 78 Fed. Reg. 16159, 16167

---

[1] Response by Executive Office of United States Trustee ("EOUST") to comments concerning § 58.35(m):

> EOUST declines to prohibit third parties from completing instruction on behalf of a debtor under appropriate

3

AO 72A (Rev. 8/82)

(Mar. 14, 2013); see also Fed. R. Bankr. P. 9010 (permitting a debtor to perform by an authorized agent, attorney-in-fact, or proxy any act not constituting the practice of law).

The motion by Debtor Chad William Hobbs for waiver of the requirement of an instructional course in personal financial management is therefore **ORDERED DENIED**; and

**FURTHER ORDERED** that Hobbs has 30 days in which to file a certificate showing his completion of an instructional course in personal financial management, whether in his own capacity or through a third party under a power of attorney that is valid under Georgia law and sufficient to authorize the attorney-in-fact to file a bankruptcy petition.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this /\_ day of April, 2015.

---

circumstances, such as under a valid power of attorney sufficient to authorize the individual to file a bankruptcy petition on behalf of a client. To the extent state law authorizes powers of attorney, EOUST does not object to the completion of instruction by duly authorized attorneys-in-fact on behalf of debtors.

78 Fed. Reg. 16167.